Sur contra la Contaminación, Inc. (Surco, Inc.), apelante, *v.*
Junta de Calidad Ambiental de Puerto Rico y otros,
apelados.

Números: AA-96-40          Resueltos: 31 de mayo de 1996
        AA-96-41

*Diego Ledeé Bazán, Pedro Valera Fernández* y *Erasmo Rodrí-
guez Vázquez,* abogados de Sur contra la Contaminación,
Inc. (Surco, Inc.), apelante; *Héctor Ramos Ortiz,* abogado
de la Junta de Planificación, apelada; *Eduardo M. Negrón
Navas* y *Juan Carlos Gómez Escarce,* de *Fiddler, González
& Rodríguez,* abogados de *Applied Energy Systems* (AES),
interventora y apelada.

— O —

Voto particular emitido por el Juez Asociado Señor Corrada Del Río.

Mediante una Moción en Auxilio de Jurisdicción presentada ante nos el 16 de mayo de 1996, la parte interventora apelante, Sur Contra la Contaminación (Surco), nos solicitó, en síntesis, que ordenásemos la paralización de la construcción de la planta de carbón propuesta para edificarse en el Municipio de Guayama, por haberse otorgado de forma indebida un endoso y aprobación favorable por parte de la Junta de Calidad Ambiental (J.C.A.) a la Declaración de Impacto Ambiental-Preliminar (DIA-P), que a los efectos de este proyecto preparase la Junta de Planificación (J.P.).

Luego de evaluado el recurso, recomendé que se le concediera un término a la parte apelada para que nos expresara su parecer sobre lo solicitado y le garantizara de esta forma los más elementales principios del debido proceso de ley y de justicia, no surgiendo de la moción en auxilio de jurisdicción un riesgo inminente. Mediante nuestra Resolución de 23 de mayo de 1996, ordenamos la paralización de los efectos de la Resolución de la J.P., sin contar con el beneficio de la comparecencia de la parte apelada ni los elementos necesarios para dictar una orden para paralizar un proyecto de desarrollo de fuentes energéticas que puede ser vital para el desarrollo social y económico de Puerto Rico.

Posteriormente, comparece ante nos la parte apelada, *Applied Energy Systems* (A.E.S.), mediante la Moción de

Reconsideración a Orden Concediendo Auxilio de Jurisdicción. En síntesis, aduce la apelada que la parte apelante indujo a error a este Tribunal al representarle *falsamente* que la aprobación de la consulta de ubicación de la J.P. autorizó la construcción del proyecto; que dicha construcción era inminente, y que la apelante se encontraba bajo la amenaza de sufrir daños.

Es menester aclarar que se nos solicitó, y concedimos, una paralización de una resolución de la J.P., hasta tanto no adjudiquemos una apelación en la cual se cuestiona una resolución de la J.C.A.

Entiendo que la parte apelante ha sacado de proporción los verdaderos efectos y el real alcance de la resolución de la J.P., cuyos efectos ordenamos paralizar. En dicha resolución la J.P. meramente ha autorizado *una consulta de ubicación* para establecer la planta de carbón en el área de Guayama. Esto por sí solo no significa que sea *inminente* la construcción de la planta, o que la salud de los apelantes esté en peligro y mucho menos significa que dicha planta entrará en operaciones en algún momento cercano. Lo único que se ha concedido es una aprobación a la consulta de ubicación que permite a la parte promovente de la planta continuar los trámites administrativos conducentes a obtener la totalidad de los permisos necesarios *para, entonces y sólo entonces, comenzar la construcción de la referida planta.*

Considero que la propuesta de la planta de carbón es un paso importante hacia la liberalización de nuestra dependencia energética por el petróleo. Dicha planta, de ser aprobada por las *agencias pertinentes*, siguiendo los mecanismos y las salvaguardas que las leyes ambientales —tanto estatales como federales— disponen, podría ser un gran adelanto para el desarrollo social y económico de Puerto Rico.

Cabe señalar que, según concluyera la propia J.P. en su resolución,

La política energética actual promueve la confiabilidad del sistema de abasto de energía mediante las más efectivas estrategias que procuran la reducción paulatina de nuestra dependencia en el petróleo. A esos efectos en el Área de Desarrollo de la Infraestructura dispone el Plan de Desarrollo Integral (PDI):

"El análisis de nuestra dependencia petrolera nos coloca más allá del campo de la energía y nos adentra en los de la economía y la política pública. Es por ello que es inminente desarrollar e implantar una política que garantice el uso racional y efectivo, tanto de las fuentes actualmente disponibles como de *aquéllas con potencial para utilización futura*. Esta política deberá fomentar el desarrollo de *fuentes alternas de energía*". (Énfasis en el original.) Caso Núm. AA-96-41, Parte II, Resolución de la J.P., págs. 46–47.

En conclusión, entiendo que al acoger la Moción en Auxilio de Jurisdicción presentada por la parte apelante y al ordenar la paralización de los efectos de la resolución de la J.P., este Tribunal actuó de forma injustificada.

Frecuentemente emitimos opiniones adversas para las agencias de gobierno que no cumplen con elementos esenciales de la justicia, como lo es oír a todas las partes en un procedimiento. Nosotros no estamos, como si fuéramos los dioses del Olimpo, por encima de esos principios fundamentales.

Examinada la Moción de Reconsideración a Orden Concediendo Auxilio de Jurisdicción, reconsideraría y dejaría sin efecto la arbitraria y caprichosa Resolución de 23 de mayo de 1995 que emitimos en este caso, mediante la cual ordenamos la paralización innecesaria de los efectos de la Resolución de la Junta de Planificación de 1ro de mayo de 1996. El efecto inhibitorio de dicha paralización puede eventualmente traer demoras prolongadas en el desarrollo de este importante proyecto energético si es que éste es aprobado. Por otra parte, nada impide que mientras atendemos esta apelación, si fuera necesario y de surgir nuevos factores que así lo ameriten, emitamos una orden de paralización justificada por los hechos y no por la arbitrariedad y el capricho.

Si de aquí a varios años comienzan de nuevo los fre-

cuentes apagones de energía eléctrica que tanto daño ocasionan no sólo a la industria, a la agricultura, al comercio y al turismo, sino a las familias, a los hospitales y a los centros de salud, a los niños en nuestras escuelas y a toda la comunidad, el pueblo le exigirá cuentas a los políticos de turno. Los Jueces de este Tribunal pudiéramos ser parte del problema y no de la solución, pero después de todo, el pueblo no nos pedirá cuenta. Por ello debiéramos ser más responsables.